William F. Dougherty (WD-8719)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK





| | |
|---|---|
| EASTMED SHIPPING & INTERNATIONAL SERVICES, S.A.E.,<br><br>    Plaintiff,<br><br>    -against-<br><br>AL SHARK FOR TRADE AND DISTRIBUTION, a.k.a. AL SHARK CO., a.k.a. EL SHARK CO., a.k.a. EL SHARK FOR TRADING, a.k.a. EL SHROUK FOR FOOD INDUSTRIES, a.k.a. EL SHARK FOR TRADE & DISTRIBUTION, EL GEBALY FOR FOOD INDUSTRIES CO., a.k.a. EL GEBALY CO., a.k.a. EL GEBALY FOR IMPORT AND EXPORT and AL EMAN COMPANY FOR IMPORT AND EXPORT, a.k.a. AL EMAN CO., a.k.a. EL EMAN CO. FOR IMPORT & EXPORT, a.k.a. EL EMAN CO., a.k.a. EL EMAN FOR IMPORT AND EXPORT,<br><br>    Defendants. | VERIFIED COMPLAINT<br><br>ECF CASE |

Plaintiff Eastmed Shipping & International Services, S.A.E. (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against defendants Al Shark For Trade and Distribution, a.k.a. Al Shark Co., a.k.a. El Shark Co., a.k.a. El Shark For Trading, a.k.a. El Shrouk for Food Industries, a.k.a. El Shark For Trade & Distribution ("Al Shark"), El Gebaly For Food Industries Co., a.k.a. El Gebaly Co., a.k.a. El Gebaly for Import and Export ("El Gebaly") and Al Eman Company for Import and

Export, a.k.a. Al Eman Co., a.k.a. El Eman Co. For Import & Export, a.k.a. El Eman Co., a.k.a. El Eman for Import and Export ("Al Eman") (hereinafter collectively referred to as the "Defendants"), alleges upon information and belief as follows:

## THE PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of maritime charter party contracts. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. At all times relevant hereto, the Plaintiff was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 11 Bani El Abbassi Street, El Pharaana, Alexandria, Egypt.

3. At all times relevant hereto, the Defendant, Al Shark, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 9 Kornish El Nill Street, Cairo, Egypt.

4. At all times relevant hereto, the Defendant, El Gebaly, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business in New Salhya City, Industrial Area C, Egypt.

5. At all times relevant hereto, the Defendant, Al Eman, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Sandbes, El Kanater, El Kherea, Egypt.

## AS AND FOR A FIRST
## CAUSE OF ACTION AGAINST
## AL SHARK

6. Pursuant to a charter party contract, dated December 15, 2005, the Plaintiff, as disponent owner, chartered the M/V GREEN SELJE to the Defendant, Al Shark, as charterer, to carry a part cargo of 300 pallets of citrus from Alexandria, Egypt to Novorossiysk, Russia (the "December 15, 2005 Charter").

7. As provided in Clause 16 of the December 15, 2005 Charter, Al Shark was allowed laytime of one weather working day within which to load its cargo on board

GREEN SELJE at Alexandria and one weather working day to discharge that cargo at Novorossiysk. Al Shark was obligated to pay its proportional share of demurrage, based upon an overall demurrage rate of $9,500.00 per day, as provided in Clause 18, for the actual time, beyond the stipulated laytime, that was needed to load and discharge GREEN SELJE's cargo.

8. Because the time required to complete loading and discharging operations at Alexandria and Novorossiysk, respectively, exceeded the laytime provided in the December 15, 2005 Charter, Al Shark became liable to the Plaintiff for demurrage in the amount of $15,642.00.

9. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the December 15, 2005 Charter with respect to the voyage of GREEN SELJE.

10. The Defendant, Al Shark, has failed to pay this contractual obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding demurrage in the amount of $15,642.00, exclusive of interest.

11. With the inclusion of interest in the amount of $2,815.56, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $18,457.56.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AL SHARK

12. Pursuant to a charter party contract, dated January 30, 2006, the Plaintiff, as disponent owner, chartered the M/V GREEN SPRING to the Defendant, Al Shark, as charterer, to carry a part cargo of 300 pallets of citrus from Alexandria or Abu Qir, Egypt to Novorossiysk, Russia (the "January 30, 2006 Charter").

13. As provided in Clause 16 of the January 30, 2006 Charter, Al Shark was allowed laytime of two weather working days within which to load its cargo on board GREEN SPRING at Alexandria and two weather working days to discharge that cargo at Novorossiysk. Al Shark was obligated to pay its proportional share of demurrage, based upon an overall demurrage rate of $9,000.00 per day, as provided in Clause 18, for the

actual time, beyond the stipulated laytime, that was needed to load and discharge GREEN SPRING's cargo.

14. Because the time required to complete loading and discharging operations at Alexandria and Novorossiysk, respectively, exceeded the laytime provided in the January 30, 2006 Charter, Al Shark became liable to the Plaintiff for demurrage in the amount of $50,704.92.

15. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the January 30, 2006 Charter with respect to the voyage of GREEN SELJE.

16. The Defendant, Al Shark, has failed to pay this contractual obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding demurrage in the amount of $50,704.92, exclusive of interest.

17. With the inclusion of interest in the amount of $9,126.89, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $59,831.81.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST AL SHARK

18. Pursuant to a charter party contract, dated February 16, 2006, the Plaintiff, as disponent owner, chartered the M/V GREEN SELJE to the Defendant, Al Shark, as charterer, to carry a part cargo of 300 pallets of citrus from Alexandria, Egypt to Novorossiysk, Russia (the "February 16, 2006 Charter").

19. As provided in Clause 16 of the February 16, 2006 Charter, Al Shark was allowed laytime of one weather working day within which to load its cargo on board GREEN SELJE at Alexandria and one weather working day to discharge that cargo at Novorossiysk. Al Shark was obligated to pay its proportional share of demurrage, based upon an overall demurrage rate of $9,500.00 per day for the first two days on demurrage and thereafter $11,500 per day, as provided in Clause 18, for the actual time, beyond the stipulated laytime, that was needed to load and discharge GREEN SELJE's cargo.

20. Because the time required to complete loading and discharging operations at Alexandria and Novorossiysk, respectively, exceeded the laytime provided in the February 16, 2006 Charter, Al Shark became liable to the Plaintiff for demurrage in the proportional amount of $24,166.80.

21. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the February 16, 2006 Charter with respect to the voyage of GREEN SELJE.

22. The Defendant, Al Shark, has failed to pay this contractual obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding demurrage in the amount of $24,166.80, exclusive of interest.

23. With the inclusion of interest in the amount of $4350.02, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $28,516.82.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST El GEBALY

24. Pursuant to a charter party contract, dated December 11, 2005, the Plaintiff, as disponent owner, chartered the M/V GREEN SELJE to the Defendant, El Gebaly, as charterer, to carry a part cargo of 1,300 pallets of citrus from Alexandria, Egypt to Novorossiysk, Russia (the "December 11, 2005 Charter").

25. As provided in Clause 16 of the December 11, 2005 Charter, El Gebaly was allowed laytime of three weather working days within which to load its cargo on board GREEN SPRING at Alexandria and three weather working days to discharge that cargo at Novorossiysk. El Gebaly was obligated to pay its proportional share of demurrage, based upon an overall demurrage rate of $9,500.00 per day, as provided in Clause 18, for the actual time, beyond the stipulated laytime, that was needed to load and discharge GREEN SELJE's cargo.

26. Because the time required to complete loading and discharging operations at Alexandria and Novorossiysk, respectively, exceeded the laytime provided in the December 11, 2005 Charter, El Gebaly became liable to the Plaintiff for demurrage in the proportional amount of $51,452.70.

27. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the December 11, 2005 Charter with respect to the voyage of GREEN SELJE.

28. The Defendant, El Gebaly, has failed to pay this contractual obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding demurrage in the amount of $51,452.70.

29. With the inclusion of interest in the amount of $9,261.49, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $60,714.19.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST AL EMAN

30. Pursuant to a charter party contract, dated January 17, 2006, the Plaintiff, as disponent owner, chartered the M/V GREEN SELJE to the Defendant, Al Eman, as charterer, to carry a part cargo of 850/875 pallets of citrus (Owner's option) from Alexandria, Egypt to Novorossiysk, Russia (the "January 17, 2006 Charter").

31. As provided in Clause 16 of the January 17, 2006 Charter, Al Eman was allowed laytime of two weather working days within which to load its cargo on board GREEN SELJE at Alexandria and one weather working day to discharge that cargo at Novorossiysk. Al Eman was obligated to pay its proportional share of demurrage, based upon an overall demurrage rate of $9,000.00 per day, as provided in Clause 18, for the actual time, beyond the stipulated laytime, that was needed to load and discharge GREEN SELJE's cargo.

32. Because the time required to complete loading and discharging operations at Alexandria and Novorossiysk, respectively, exceeded the laytime provided in the December 11, 2005 Charter, Al Eman became liable to the Plaintiff for demurrage in the amount of $37,261.20.

33. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the January 17, 2006 Charter with respect to the voyage of GREEN SELJE.

34. The Defendant, Al Eman, has failed to pay this contractual obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding demurrage in the amount of $37,261.20, exclusive of interest.

35. With the inclusion of interest in the amount of $6,707.02, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $43,968.22.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST AL EMAN

36. Pursuant to the January 17, 2006 Charter, Al Eman was obligated to load 875 pallets of citrus on board GREEN SELJE at Alexandria for carriage to Novorossysk.

37. Al Eman actually loaded only 635 pallets on board GREEN SELJE at Alexandria and was therefore liable to pay deadfreight charges to the plaintiff in the amount of $24,960.00 for the pallets which Al Eman was obligated to provide but which it failed to load on board the Vessel for carriage to Novorossysk.

38. For its part, the Plaintiff has satisfied and performed all of its obligations under the terms of the January 17, 2006 Charter with respect to the voyage of GREEN SELJE.

39. The Defendant, Al Eman, has failed to pay its contractual deadfreight obligation, despite due demand for such payment, and is presently liable to the Plaintiff for outstanding deadfreight charges in the amount of $24,960.00, exclusive of interest.

40. With the inclusion of interest in the amount of $4,492.80, calculated at the New York statutory rate of nine percent, for two years, the estimated time it will take to obtain a final judgment, the total amount of the Plaintiff's claim in respect of this cause of action is $29,452.80.

## APPLICATION FOR ATTACHMENT
## OF DEFENDANTS' ASSETS PURSUANT TO
## RULE B OF THE SUPPLEMENTAL RULES
## FOR CERTAIN ADMIRALTY AND
## MARITIME CLAIMS OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

41. Upon information and belief, and after investigation, the Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter "Assets"), moving through banking institutions, including but not limited to, ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Commerzbank AG; Deutsche Bank, AG; HSBC Bank USA NA; JPMorgan Chase Bank; Standard Chartered Bank; Wachovia Bank, and/or UBS.

42. Based upon the foregoing, therefore, the total sum sought to be attached in this action is $106,806.19 in respect of the Plaintiff's claims against El Shark, $60,714.19 in respect of the Plaintiff's claims against El Gebaly and $73,421.02 in respect of the Plaintiff's claims against Al Eman.

WHEREFORE, Plaintiff Puffin Shipping Limited prays:

    a. That process in due form of law according to the usual practice of this Court may issue against Defendants Al Shark, El Gebaly and Al Eman citing them to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendants in the principal amount of the claims plus interest, costs and attorneys' fees;

    b. That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue separate Processes of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching and restraining all assets of the three individual Defendants up to and including the sums of $106,806.19 in respect of Al Shark, $60,714.19 in respect of El Gebaly and $73,421.02 in respect of Al Eman,

including but not limited to, any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of each of the individual Defendants, including but not limited to, such assets as may be held, received or transferred in their own name or as may be held, received or transferred to them or their benefit at, moving through, or within the possession, custody or control of banking institutions, including but not limited to, ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Commerzbank AG; Deutsche Bank, AG; HSBC Bank USA NA; JPMorgan Chase Bank; Standard Chartered Bank; Wachovia Bank, and/or UBS; or any other garnishee(s) upon whom a copy of the Processes of Maritime Attachment and Garnishment issued in this action may be served;

    c.   For such other and further or different relief as this Court may deem just and proper in the premises.

Dated:   New York NY
             April 26, 2007

                                 BURKE & PARSONS
                                 Attorneys for Plaintiff
                                 Eastmed Shipping & International
                                 Services, S.A.E.

                                 _____
                                 William F. Dougherty (WD-8719)
                                 100 Park Avenue
                                 New York NY 10017-5533
                                 (212) 354-3800

## VERIFICATION

STATE OF NEW YORK   )

COUNTY OF NEW YORK)

William F. Dougherty, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
William F. Dougherty

Sworn to before me this
26th day of April 2007.

_____
Penny A. Madunzalic
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010

\\BPIBM346\BP_E\CM\8997_EMS\BP_DOC\0007_S01.DOC