William F. Dougherty (WD-8719)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



---

EASTMED SHIPPING & INTERNATIONAL SERVICES, S.A.E.,

        Plaintiff,

-against-

AL SHARK FOR TRADE AND DISTRIBUTION, a.k.a. AL SHARK CO., a.k.a. EL SHARK CO., a.k.a. EL SHARK FOR TRADING, a.k.a. EL SHROUK FOR FOOD INDUSTRIES, a.k.a. EL SHARK FOR TRADE & DISTRIBUTION, EL GEBALY FOR FOOD INDUSTRIES CO., a.k.a. EL GEBALY CO., a.k.a. EL GEBALY FOR IMPORT AND EXPORT and AL EMAN COMPANY FOR IMPORT AND EXPORT, a.k.a. AL EMAN CO., a.k.a. EL EMAN CO. FOR IMPORT & EXPORT, a.k.a. EL EMAN CO., a.k.a. EL EMAN FOR IMPORT AND EXPORT,

        Defendants.

---

*EX PARTE* ORDER
FOR PROCESS OF
MARITIME
ATTACHMENT

07 CV 3327

JUDGE CHIN

**WHEREAS**, Plaintiff Eastmed Shipping & International Services, S.A.E. filed a Verified Complaint herein against Al Shark For Trade and Distribution, a.k.a. Al Shark Co., a.k.a. El Shark Co., a.k.a. El Shark For Trading, a.k.a. El Shrouk for Food Industries, a.k.a. El Shark For Trade & Distribution ("Al Shark"), El Gebaly For Food Industries Co., a.k.a. El Gebaly Co., a.k.a. El Gebaly for Import and Export ("El Gebaly") and Al Eman Company for Import and Export, a.k.a. Al Eman Co., a.k.a. El Eman Co. For Import & Export, a.k.a. El Eman Co., a.k.a. El Eman for Import and Export ("Al Eman") for

damages amounting to $106,806.19 in respect of the Plaintiff's claims against El Shark, $60,714.19 in respect of the Plaintiff's claims against El Gebaly and $73,421.02 in respect of the Plaintiff's claims against Al Eman, inclusive of interest, costs and reasonable attorneys' fees, and praying for issuance of Processes of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Processes of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendants' property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that three separate Processes of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Commerzbank AG; Deutsche Bank, AG; HSBC Bank USA NA; JPMorgan Chase Bank; Standard Chartered Bank; Wachovia Bank; and/or UBS; including but not limited to, electronic transfers originated by, payable to, or otherwise for the benefit of Defendant, whether to or from or moving through the garnishee banks or any other electronic fund transfers, in an amount of up to $106,806.19 in respect of the Plaintiff's claims against El Shark, $60,714.19 in respect of the Plaintiff's claims against El Gebaly and $73,421.02 in respect of the Plaintiff's claims against Al Eman pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiff shall be required to show why the attachments and garnishments should not be vacated or other relief granted; and it is further

**ORDERED**, that supplemental processes specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Processes of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including email, to each garnishee so personally served and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

ORDERED, that service on any garnishee as described above is deemed to be effective and continuous service throughout the day from the time of such service through the opening of the garnishee's business the next day or next business day; and it is further

ORDERED, that pursuant to Federal Rules of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and it is further

ORDERED, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated:   New York NY
         April  30 , 2007

                              SO ORDERED

                              _____
                                      U.S.D.J.

\\BPIBM346\BP_E\CM\8997_EMS\BP_DOC\0005.DOC