Cardillo & Corbett
Attorneys for Defendant
EL EMAN CO. FOR IMPORT AND EXPORT
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
James P. Rau (JR-7209)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
EASTMED SHIPPING & INTERNATIONAL          :
SERVICES, S.A.E.,                                      07 Civ. 3327(DC)
                                          :
                        Plaintiff,            **VERIFIED ANSWER
                                          :   AND COUNTERCLAIM**

          -against-                       :

AL SHARK FOR TRADE AND DISTRIBUTION,
a.k.a. AL SHARK CO., a.k.a. EL SHARK      :
CO., a.k.a. EL SHARK FOR TRADING,
a.k.a. EL SHROUK FOR FOOD INDUSTRIES,     :
a.k.a. EL SHARK FOR TRADE &
DISTRIBUTION, EL GEBALY FOR FOOD          :
INDUSTRIES CO., a.k.a. EL GEBALY CO.,
a.k.a. EL GEBALY FOR IMPORT AND EXPORT    :
and AL EMAN COMPANY FOR IMPORT AND
EXPORT, a.k.a. EL EMAN CO., a.k.a. EL     :
EMAN CO. FOR IMPORT AND EXPORT, a.k.a.
EL EMAN CO., a.k.a. EL EMAN FOR IMPORT    :
AND EXPORT,
                                          :
                        Defendants.
----------------------------------------x


          Defendant, El Eman Co. for Import and Export,

(hereinafter referred to as "Defendant"), by and through its

attorneys, Cardillo & Corbett, as and for its Answer to the

Complaint of Eastmed Shipping & International Services, S.A.E.

(hereinafter referred to as "Plaintiff"), and as and for its

counterclaim against Plaintiff, alleges, upon information and

belief, as follows:

1.    Admits the allegations of paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.    Admits the allegations of paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9

of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

3

17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

25 of the Complaint.

   26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

   27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

   28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

   29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

   30. Admits the allegations of paragraph 30 of the Complaint.

   31. Denies the allegations of paragraph 31 of the complaint.

   32. Denies the allegations of paragraph 32 of the complaint.

   33. Denies the allegations of paragraph 33 of the complaint.

   34. Denies the allegations of paragraph 34 of the complaint.

   35. Denies the allegations of paragraph 35 of the

complaint.

 36. Denies the allegations of paragraph 36 of the Complaint, except admits that pursuant to the January 17, 2006 Charter of the M/V GREEN SELJE, Defendant agreed to load a part cargo of 850/875 pallets of citrus (Owner's option) at Alexandria for carriage to Novorossiysk.

 37. Denies the allegations of paragraph 37 of the complaint.

 38. Denies the allegations of paragraph 38 of the complaint.

 39. Denies the allegations of paragraph 39 of the complaint.

 40. Denies the allegations of paragraph 40 of the complaint.

 41. Paragraph 41 of the Complaint is a legal conclusion that does not require an Answer.

 42. Denies the allegations of paragraph 42 of the complaint which pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42.

### AS A FIRST AFFIRMATIVE DEFENSE

 43. The Complaint must be dismissed or stayed in favor of the Defendant's earlier filed action against Plaintiff in the courts of Egypt arising out of the same Charter Party as herein.

6

## AS A COUNTERCLAIM

44.    Pursuant to the terms of the Charter Party dated January 17, 2006 (the "Charter") between Plaintiff and Defendant, Defendant agreed to ship and Plaintiff agreed to carry Defendant's cargo of 875 pallets of citrus aboard the GREEN SELJE from Alexandria, Egypt to Novorossiysk, Russia.

45.    In accordance with the Charter, Defendant duly delivered to the load port in Alexandria said cargo of 875 pallets of citrus.

46.    Plaintiff failed and neglected to carry the full 875 pallets of citrus, as the Vessel left the port leaving some 250 pallets of citrus.  As a result of Plaintiff's failure to carry these 250 pallets of citrus, said pallets of citrus were destroyed and lost.

47.    Defendant suffered damages in the amount of $353,834.46 as a result of the loss of its 250 pallets of citrus, including the cost, handling, transportation and profit for this citrus of US$222,915.71, a contract penalty to the importer of the citrus for failing to deliver the full quantity of US$10,615.03 and loss of business reputation of US$120,303.72.

48.    Despite due demand, Plaintiff has failed to pay or otherwise secure Defendant's claim.

49.    On or about September 10, 2006, prior to the

7

commencement of the instant action, Defendant brought suit against Plaintiff in the Court of First Instance, Alexandria, Egypt, Lawsuit No. 6659/2006, which action is currently pending (the "Egyptian Action").

50.   As best as now can be estimated, Defendant expects to recover on its claim in the Egyptian Action the amount of $353,834.46, plus attorney's fees and costs, which are as yet unspecified.

51.   This counterclaim arises out of the same transaction or occurrence with respect to which this action was originally filed.  Plaintiff has attached funds belonging to Defendant pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Defendant is entitled to security for its counterclaims pursuant to Rule E(7) thereof.

**WHEREFORE,** Defendant prays:

A.   That the verified complaint be dismissed and the attachment of Defendant's property be vacated; or, alternatively,

B.   That pursuant to Rule E(7)(a), the Court order Plaintiff to give security to the Defendant for the damages demanded in the counterclaim in the sum of $353,834.46;

C. That the matter be otherwise stayed pending the Egyptian Action; and

8

        D.  For such other and further relief as to this

Court may seem just and equitable.


Dated:     New York, New York
           September 13, 2007


                         CARDILLO & CORBETT
                         Attorneys for Defendant
                         EL EMAN CO. FOR IMPORT AND EXPORT


By: _____
     James P. Rau (JR7209)


To: Burke & Parsons
    Attorneys for Plaintiff
    100 Park Avenue
    New York, NY 10017
    Att: William F. Dougherty, Esq.

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

        1.   My name is James P. Rau.

        2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

        3.   I am a partner in the firm of Cardillo & Corbett, attorneys for the Defendant.

        4.   I have read the foregoing Verified Answer and Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

        5.   The reason why this Verification is being made by the deponent and not by the Defendant is that the Defendant is a business organization with no officers or directors now within this District.

        6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant and agents and/or representatives of the Defendant.

10

7.    I am authorized to make this Verification on behalf of the Defendant.

_____
James P. Rau

Sworn to this 13th day
of September, 2007

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

11